UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CARY B. CROWELL,

    Petitioner,

v.

JOAN FABIAN,

    Respondent.

Civil No. 08-6355 (DWF/JSM)

**REPORT AND RECOMMENDATION**

Cary B. Crowell, Minnesota Correctional Facility - Stillwater, 970 Picket Street North, Bayport, Minnesota, 55003, Petitioner, pro se.

Mark Nathan Lystig, Assistant Ramsey County Attorney, 50 West Kellogg Boulevard, Suite 315, St. Paul, Minnesota, 55102, for Respondent.

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of Cary B. Crowell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Docket No. 1]. Respondent has filed an Answer, contending that the Petition should be dismissed. [Docket No. 6]. Petitioner was invited to file a reply to Respondent's answer, but he did not do so. See Order dated December 16, 2008 [Docket No. 5]. The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Petitioner's habeas corpus petition be DENIED, and this action be DISMISSED WITH PREJUDICE.

**I. BACKGROUND**

The Minnesota Court of Appeals has described the factual background of Petitioner's case as follows:

> On June 17, 2005, K.G., age 10, was at home with her stepbrothers and her stepfather, [Petitioner] Cary Brian Crowell, while her mother was out of town. According to K.G.'s testimony, [Petitioner] came into K.G.'s bedroom naked, grabbed her arm tightly, and told her to take off her clothes. K.G. complied. [Petitioner] then pushed K.G. down on her bed and told her to spread her legs. [Petitioner] then touched K.G.'s genitals with his hand, followed by oral, anal, and vaginal penetration. K.G. resisted and told [Petitioner] to stop, but [Petitioner] ejaculated in K.G.
>
> K.G. called 911 from her sister's bedroom and reported the incident. She remained on the phone with the dispatcher until the officer arrived. He later stated that K.G.'s face was red, and that '[s]he was bent over, sitting on the bed hunched over with her hands near her face,' staring at the floor. The audible sound of [Petitioner's] voice caused K.G. to cringe. And K.G. refused to leave the room until the officer told her that [Petitioner] was handcuffed in a police car.
>
> K.G. was taken to the Children's Hospital emergency room, where a nurse from the Midwest Children's Resource Center (MCRC) interviewed and physically examined her. The interview was videotaped. K.G. reported that her 'bottom,' including both her anal and vaginal areas, was sore. A physical examination of K.G. indicated redness in the genital area, and the back of her labia had a cut that was bleeding. The nurse collected swabs from K.G.'s vaginal, rectal, and perineal areas, and subsequent lab results showed the presence of amylase, which is typically from saliva. DNA testing indicated the presence of [Petitioner's] DNA, and a weaker DNA not inconsistent with K.G.'s was found on the boxer shorts that [Petitioner] was wearing when he was arrested. Testing results from samples taken from K.G. indicated DNA consistent with [Petitioner's] DNA.

State v. Crowell, No. A06-0876 (Minn.App. 2007), 2007 WL 2780497 (unpublished opinion) at *1, rev. denied, Dec. 11, 2007.[1]

In December 2005, a Minnesota state court jury found Petitioner guilty of two counts of first degree criminal sexual conduct. The jury also found that Petitioner's offenses involved four aggravating factors affecting his sentence – (1) personal injury to the victim, (2) multiple forms of penetration, (3) violation of the victim's zone of privacy, and

---

[1] The Court of Appeals' summary of the facts of this case is substantially the same as the "Statement of Facts" set forth in Petitioner's application for further review in the Minnesota Supreme Court. See Docket No. 6 (Respondent's Exhibits,"Petition For Further Review Of Decision Of Court Of Appeals," at pp. 4-5.)

2

(4) "particular cruelty." Based on the jury's findings on those aggravating factors, the trial court judge imposed a sentence of 302 months – a double upward departure from the sentence prescribed by the Minnesota Sentencing Guidelines. Petitioner is currently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal that presented seven grounds for relief:

(1) Petitioner's counsel was wrongly precluded from asking prospective jurors about their potential biases in favor of police officers.

(2) The trial court erroneously allowed the jury to consider certain alleged hearsay evidence from a nurse and a police officer.

(3) The trial court gave the jury an improper instruction on the meaning of "reasonable doubt."

(4) Certain aspects of Minnesota state law governing sentencing hearings violate the separation of powers doctrine.

(5) The trial court did not give the jury any definitions of the aggravating factors that affected Petitioner's sentence, and those factors were therefore unconstitutionally vague.

(6) The trial court abused its discretion by imposing an upward departure sentence.

(7) Petitioner was denied effective assistance of counsel at trial.

Petitioner's first six grounds for relief were presented in a brief filed by his appellate counsel. See Docket No. 6 (Respondent's Exhibits, "Appellant's Brief and Appendix," pp. i and ii.) The final ground – Petitioner's ineffective assistance of counsel claim – was presented in a separate pro se supplemental brief.[2] See Docket No. 6 (Respondent's Exhibits, "Appellant's Pro Se Supplemental Brief"). All of Petitioner's arguments were

---

[2] In that brief, Petitioner contended that he was denied effective assistance of counsel, because his attorney did not show him certain "audio & video tapes" before they were shown to the jury.

3

rejected by the Minnesota Court of Appeals, and his conviction and sentence were affirmed. Crowell, supra. Thereafter, Petitioner applied to the Minnesota Supreme Court for further review of his case.

In his petition for further review, Petitioner asked the Minnesota Supreme Court to review six issues. See Docket No. 6 (Respondent's Exhibits, "Petition for Review of Decision of Court of Appeals," pp. 1-2). Those six issues generally conformed to the six grounds for relief raised in Petitioner's primary brief to the Court of Appeals – with the exception of Ground Five, discussed more fully below. Petitioner's pro se claim of ineffective assistance of counsel was not raised in his petition for further review, and, in fact, Petitioner did not present any ineffective assistance of counsel arguments to the Minnesota Supreme Court. Petitioner's application for further review was summarily denied by the Minnesota Supreme Court in a one-sentence order dated December 11, 2007. See Docket No. 6 (Respondent's Exhibits, "Order").

On December 12, 2008, Petitioner filed his current federal habeas corpus petition, raising four claims for relief. In the first three claims, Petitioner contended that he was denied effective assistance of counsel for the following reasons:

(1) Petitioner's attorney did not object to certain alleged "false statements" by the prosecutor, which "sway[ed] the jury into" increasing Petitioner's sentence;

(2) Petitioner's recorded police interview was not presented to the jury;[3]

---

[3] The "supporting facts" accompanying Petitioner's second ground for relief explain this claim as follows:

> The recording of the interview I had with the detective on June 18th 2005 about the case at Ramsey Co. Jail; It was prejudice to the Defence [sic] not to allow that recording into evidence as well to present innocence to this case. (Objective evidence – eight Amendment.)

Petition, p. 5, § 12.B.

4

> (3) Petitioner's attorney did not allow Petitioner to view all of the audio and video tapes that the prosecution presented as evidence against Petitioner.

Petition, [Docket No. 1], pp. 5-6, §§ 12.A, B, and C.

Petitioner's fourth claim for relief was described as "Violation of equal protection under the Law." Petition, p. 6, § 12.D. The "supporting facts" for this claim, repeated verbatim and in their entirety, are as follows:

> All the aggravating factors submitted to the Jury including 'particular Cruelty' from the Sentencing Guideline, were unconstitutionally vague because they are terms of art and the jury was not given any definition of the terms or instructions on the terms."

Id.

In her Answer, Respondent contended that all of Petitioner's habeas corpus claims should be dismissed because he had failed to exhaust his state court remedies by fairly presenting his federal claims to the highest available state court, the unexhausted claims were now procedurally barred, and the decisions of the Minnesota courts were not contrary to or an unreasonable application of established Federal law. The Court agrees with Respondent that the Petition should be dismissed. None of Petitioner's claims were fully exhausted as they were not fairly presented to the Minnesota Supreme Court, all of the claims are procedurally defaulted, and Petitioner has not provided the Court with any basis for excusing the procedural default.[4]

---

[4] In light of this conclusion, the Court did not reach the substance of Respondent's assertion that the decisions of the Minnesota courts were not contrary to or an unreasonable application of established Federal law.

5

## II.     DISCUSSION

### A.     Applicable Rules of Law

Federal habeas corpus review of a state criminal conviction is available only for claims involving federal constitutional issues. The United States Supreme Court has repeatedly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). See also Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

A federal constitutional claim is reviewable in a § 2254 habeas corpus proceeding only if that claim was first fairly presented to, and decided on the merits by, the highest available state court. The United States Supreme Court has explained this requirement as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights."...To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). See also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

While a state prisoner seeking federal habeas relief is not required to have spelled out every nuance of his federal constitutional claims to the state courts, nevertheless, if a claim is based on the federal Constitution, the prisoner must clearly bring that to the attention of the state courts. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). Consequently, "[t]o be fairly presented a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir.), cert. denied, 546 U.S. 844 (2005) (internal quotation marks and citations omitted); see also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state court") (citations and internal quotation marks omitted).

Further, it is not sufficient to identify the federal constitutional dimension of a claim only in the lower state courts, because higher state court judges are not presumed to know about every argument presented to the lower courts. Baldwin, 541 U.S. at 31. "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Id. at 32. Thus, Baldwin clearly teaches that in order to fully and properly exhaust

7

state court remedies for a particular claim, a state prisoner must raise that claim <u>and</u> clearly present the federal constitutional basis for that claim in his petition for review to the highest state court. A habeas claim that has not been fairly presented to the highest available state court as a federal constitutional claim is an unexhausted claim, and cannot be entertained in federal court.

"When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in <u>Rhines v. Weber</u>, [544 U.S. 269]... (2005)." <u>Armstrong v. Iowa</u>, 418 F.3d 924, 926 (8th Cir. 2005), <u>cert</u>. <u>denied</u>, 546 U.S. 1179 (2006). However, when a prisoner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim is not truly "unexhausted," but rather, it has been "procedurally defaulted." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>McCall</u>, 114 F.3d at 757. In other words, if there is still a state court remedy available, a previously unraised habeas claim is "unexhausted," but if there is no state court remedy still available, then the claim is "procedurally defaulted." <u>See</u> <u>Armstrong</u>, 418 F.3d at 926 ("if no state court remedy is available for the unexhausted claim – that is, if resort to the state courts would be futile – then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim...'") (quoting <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996). <u>See</u> <u>also</u> <u>Middleton v. Roper</u>, 455 F.3d 838, 855 (8th Cir. 2006) ("'If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issues now.'"),

cert. denied, 549 U.S. 1134 (2007), quoting Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.) (en banc), cert. denied, 517 U.S. 1215 (1996).

A claim that has been procedurally defaulted cannot be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman, 501 U.S. at 750.

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him. . . . For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials' ... made compliance impracticable, would constitute cause under this standard.'" Coleman, 501 U.S. at 753 (citations omitted). "To demonstrate prejudice, a petitioner must show, 'not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Thomas v. Norris, 2007 WL 2351002 at *9 (E.D. Ark. 2007) (quoting U.S. v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584 (1982) (emphasis in original); citing Carroll v. Schiro, 243 F.3d 1097, 1102 (8th Cir. 2001)); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (same); Jennings v. Purkett, 7 F.3d 779, 782 (8th Cir. 1993) (same).

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995) (emphasis added). In other words, a petitioner cannot simply point to errors

that allegedly occurred during the course of his criminal prosecution; he must instead offer some <u>new</u> evidence which affirmatively demonstrates that he is, in fact, innocent of the crime for which he was convicted.[5]

### B. **Petitioner's Procedural Default**

#### 1. **Ineffective Assistance of Counsel Claims**

It is readily apparent that Petitioner has failed to exhaust his state court remedies for all three of the ineffective assistance of counsel claims (Grounds One through Three), that are raised in his habeas corpus petition. Petitioner's application for further review in the Minnesota Supreme Court did not mention any ineffective assistance claims, so he has not fairly presented any such claim to the highest available state court.

Furthermore, it is now too late for Petitioner to satisfy the exhaustion requirement for his ineffective assistance of counsel claims. It is well-settled under Minnesota state law that claims of ineffective assistance of trial counsel normally must be raised on direct appeal. <u>Henderson v. State</u>, 675 N.W.2d 318, 323 (Minn. 2004); <u>Ives v. State</u>, 655 N.W.2d 633, 636 (Minn.2003); <u>Hale v. State</u>, 566 N.W.2d 923, 926 (Minn.1997); <u>Black v. State</u>,

---

[5] The actual innocence exception is concerned with claims of actual, not legal innocence. <u>Anderson v. United States</u>, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [<u>Schlup</u>, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, <u>see</u> <u>Sawyer v. Whitley</u>, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, <u>see</u> <u>Schlup</u>, 513 U.S. [at 324]... and exculpatory scientific evidence.

<u>Pitts v. Norris</u>, 85 F.3d 348, 350-51 (8th Cir.), <u>cert</u>. denied, 519 U.S. 972 (1996).

560 N.W.2d 83, 85 (Minn. 1997). Petitioner obviously was aware of his ineffective assistance of counsel claims when he filed his petition for further review in the Minnesota Supreme Court, as he had previously raised the issue in the Minnesota Court of Appeals. Because Petitioner knew about his ineffective assistance claims when he sought further review in the Minnesota Supreme Court, but he failed to raise those claims at that time, he is now procedurally barred from seeking further review of those claims in the Minnesota state courts. In short, Petitioner's ineffective assistance of counsel claims are not merely unexhausted; they are procedurally defaulted.

### 2. Sentencing and Jury Instruction Claim

Petitioner's only other habeas claim, (Ground Four), is identified as an "equal protection" claim. Petitioner contended that his right to equal protection was violated because the jury was not given adequate instructions about the various aggravating factors that affected his sentence. According to Petitioner, "[a]ll the aggravating factors... were unconstitutionally vague because they are terms of art and the jury was not given any definition of the terms or instruction on the terms." Petition, p. 6, § 12.D.

Petitioner failed to exhaust his state court remedies for his sentencing and jury instruction claim because he did not fairly present that claim, <u>as a federal constitutional claim</u>, in his petition for further review to the Minnesota Supreme Court. Although Petitioner did challenge the sentencing and jury instructions in his petition to the Minnesota Supreme Court, Ground Four of the habeas petition cannot proceed because he did not fairly apprise the Minnesota Supreme Court that his challenge was based on the federal Constitution. See Docket No. 6 (Respondent's Exhibits, "Petition for Review of Decision of Court of Appeals"). The apposite section of the petition to the Minnesota Supreme Court, (<u>Id.</u>, pp. 7-8), makes no mention of the federal Constitution, any federal constitutional

11

principle, any federal cases, or any state cases discussing any federal constitutional issue.

The only case cited in the relevant section of the petition for further review to the Minnesota Supreme Court is State v. Weaver, 733 N.W.2d 793 (Minn.App. 2007), rev. denied, Sept. 18, 2007. Weaver does discuss, in very general terms, the advisability of giving jury instructions on aggravating factors that affect sentencing. Id. at 802-03. That discussion, however, does not mention the federal Constitution or any constitutional principle, and it does not cite any federal caselaw. Therefore, Petitioner's citation to Weaver did not give the Minnesota Supreme Court any reason to think that his jury instruction claim was based on the federal Constitution. See Baldwin, 541 U.S. at 33 (petition for review in state supreme court did not fairly present a federal constitutional claim where "[t]he petition provide[d] no citation of any case that might have alerted the court to the alleged federal nature of the claim"). Further, even if Petitioner's state sentencing and jury instruction claim were similar to the claim he is now asserting under the federal Constitution, this "is not sufficient to satisfy the fairly presented requirement." Cox, 398 F.3d at 1031 (internal quotation marks and citations omitted).

It is true that Petitioner referred to federal law when he presented his sentencing and jury instruction claim to the Minnesota Court of Appeals.[6] See Docket No. 6 (Respondent's Exhibits, "Appellant's Brief and Appendix," pp. 40-47.) But that too did not satisfy the exhaustion requirement because Petitioner did not repeat any of those references to federal law in his subsequent petition for review in the Minnesota Supreme Court. Baldwin explicitly holds that a federal habeas petitioner cannot satisfy the exhaustion requirement by pointing to arguments that were advanced and addressed only in lower state courts; a

---

[6] The Minnesota Court of Appeals made no mention in its decision to any federal law or claim under the federal constitution. See Crowell, 2007 WL 2780497 at *8-9.

claim is not exhausted, for federal habeas purposes, unless it was presented, as a federal constitutional claim, directly to the state's highest court. 541 U.S. at 31-32.

> [A]s other Courts in this District have held, "incorporation" of a lower court decision or briefs submitted to such a lower court, without identifying the federal issue in the petition for review, is insufficient to fairly present a federal claim for the purposes of exhaustion. See Kachina v. Minnesota, No. 06-3661, 2008 WL 2510156, at *4 (D.Minn. June 19, 2008); see also Fraction v. Minnesota, No. 07-3777, 2008 WL 5191859, at *8 (D.Minn. Dec.11, 2008); Collins v. Wengler, No. 07-1565, 2007 WL 2219393, at *10 (D.Minn. July 30, 2007); Voss v. Minnesota, No. 05-697, 2006 WL 1821231, at *2 (D.Minn. May 10, 2006). Here, [Petitioner] failed to identify any federal claim in his petition for review from the Minnesota Supreme Court, and in these circumstances the Court finds that mere incorporation of [Petitioner's] supplemental brief to the intermediate court of appeals in an appendix is insufficient to fairly present the issue to the state supreme court.

Foster v. Fabian, No. 07-4317, 2009 WL 921063 at *8 (D.Minn. March 31, 2009).

The Court recognizes that Legal Issue 5 of the petition to the Minnesota Supreme Court stated as follows:

> Can an upward durational departure be upheld where the jury was not given any definition of the aggravating factors, which were terms of art and the functional equivalent of elements of the offense, or was the statute and sentencing process unconstitutionally void for vagueness as written and as applied?

Docket No. 6 (Respondent's Exhibits,"Petition For Review Of Decision Of Court Of Appeals," p. 2, § III.5.).

However, the phrase "was the statute and sentencing process unconstitutionally void for vagueness as written and as applied," without any reference to the federal Constitution, did not fairly apprise the Minnesota Supreme Court that Petitioner was raising a federal constitutional challenge, particularly where the discussion of this issue (Docket

13

No. 6 (Respondent's Exhibits, "Petition for Review of Decision of Court of Appeals", pp. 7-8)), made no reference to the federal constitution and relied solely on state law. See Spillino v. Belleque No. CV 05-1953-HU, (D.Or. 2009), 2009 WL 585929 at *5 ("in his petition for review to the Oregon Supreme Court, petitioner alleges only that the 'trial judge appeared ... unable to 'hold the balance' between her interests in judicial economy and the decorum of the courtroom and defendant's constitutional right to a fair and impartial trial.'... Petitioner makes no attempt to identify whether he is asserting a violation under the state constitution, the federal constitution, or both.  Petitioner does not cite to the Fourteenth Amendment or any case which would have alerted the Oregon Supreme Court to the federal nature of his claim.  Accordingly, petitioner failed to make a fair presentation of his federal due process claim.") (citations omitted).[7]

The requirement that a federal habeas petitioner must fairly present his federal constitutional claims to the state's highest court is not onerous or complicated.  "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin, 541 U.S. at 32.  In this case, however,

---

[7] Even if the phrase "unconstitutionally vague" was meant to be a reference to the federal Constitution, that phrase, by itself, did not fairly present any specific federal constitutional claim to the Minnesota Supreme Court.  See McCall, 114 F.3d at 757 ("In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts") (emphasis added) (citations and internal quotation marks omitted). See also Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir.) ("Petitioner's mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim"), cert. denied, 546 U.S. 1037 (2005).

Petitioner did not take any of these steps, nor did he otherwise fairly apprise the Minnesota Supreme Court that he was challenging his sentence on federal constitutional grounds, if indeed he was. Therefore, Petitioner has not exhausted his state court remedies for the fourth ground for relief listed in his Petition.

The Court also finds that Petitioner's current federal constitutional challenge to his sentence can no longer be fairly presented to the Minnesota Supreme Court. It is too late to bring such a claim on direct appeal, and Minnesota's procedural rules preclude Petitioner from raising the claim in a post-conviction motion, because he could have raised the claim on direct appeal, but failed to do so. See McCall, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995)). For all of these reasons, the Court finds that Petitioner's fourth ground for relief – the sentencing and jury instruction claim – is procedurally defaulted.

### C. Cause and Prejudice

The only remaining issue to be resolved is whether Petitioner has established cause and prejudice, or actual innocence, to excuse his procedural default. As noted above, Petitioner was invited to submit a reply to Respondent's Answer, and he was given an opportunity to show cause and prejudice, or new evidence proving his actual innocence. However, Petitioner did not file a reply, and he has made no other effort to rebut or overcome Respondent's well-taken arguments of procedural default.

In order to satisfy the "cause" requirement, Petitioner would have to show that some external impediment prevented him from presenting his unexhausted federal claims to the

state's highest court in a timely and procedurally proper manner.  Coleman, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis in the original).  Petitioner has made no effort to show any legally sufficient cause to excuse his procedural default, and the Court cannot independently identify any such cause.[8]

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to address the prejudice component.  Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).

---

[8] Petitioner's submissions in this case seem to suggest that he may be dissatisfied not only with his trial counsel, (as indicated by his present ineffective assistance of counsel claims), but also with his appellate counsel.  Although he did not actually present any such argument in this case, perhaps Petitioner thought ineffective assistance of appellate counsel was the cause for his procedural default.  However, ineffective assistance of counsel cannot serve as cause to excuse a procedural default, unless the ineffective assistance argument has been fairly presented to the state courts as an independent challenge to the validity of the conviction or sentence at issue.  Bailey v. Mapes, 358 F.3d 1002, 1004 (8th Cir. 2004) ("[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding").  See also Edwards v. Carpenter, 529 U.S. 446, 452 (2000) ("'a claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (quoting Murray v. Carrier, 477 U.S. at 489). Petitioner has not presented any claim of ineffective assistance of appellate counsel to any Minnesota state court, so he could not assert such a claim here as cause to excuse his procedural default.

Petitioner also does not qualify for the application of the "actual innocence" exception because he has offered no new evidence to affirmatively demonstrate that he did not commit the offenses or aggravated sentencing factors found by the jury in his case. To qualify for the actual innocence exception, Petitioner would have to present some compelling new evidence, which would conclusively establish that he is, in fact, innocent of the crimes and sentencing factors found by the jury. For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998); see also Cox, 398 F.3d 1025 at 1031 (successful demonstrations of actual innocence are "rare and limited," because the actual innocence exception is "permitted only for 'truly persuasive demonstrations of actual innocence,' based on reliable new evidence which shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence'") (citations omitted). Therefore, Petitioner's procedurally defaulted claims cannot be entertained under the actual innocence exception.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner cannot be granted a writ of habeas corpus for any of the claims raised in his Petition. All of his claims are unexhausted and have been procedurally defaulted. Further, Petitioner has not shown legally sufficient cause and prejudice to excuse his procedural default, and he has not presented any clear and convincing new evidence to prove he is actually innocent. Thus the procedural default cannot be excused, and this action must be dismissed with prejudice.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254, [Docket No. 1], be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.


Dated: October 16, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 2, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.